**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van Go LLC, | No. CV-16-00054-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Deborah D. Potts, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion for Reconsideration of this Court's Order denying their Motion to Dismiss (Doc. 20, Mot.). Because the Court will deny the Motion, the Court did not await a Response from Plaintiff. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or

1 in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215
2 F.R.D. 581, 586 (D. Ariz. 2003).

3       As Defendants present no newly discovered evidence or any intervening change in
4 controlling law, the Court construes their Motion as one based on the assertion that the
5 Court has committed clear error in denying their Motion to Dismiss. Defendants
6 challenge the Court's finding that the allegations support an inference that Plaintiff's
7 delayed discovery of the alleged fraud was reasonable. Defendants argue that the Court
8 conflates "Plaintiff" with "Showcase Honda," and the focus should be when Showcase
9 discovered the alleged fraud, not the Plaintiff. (Mot. at 2.) The Court is unpersuaded by
10 Defendants' argument. In the Order denying the Motion to Dismiss, the Court cites
11 Plaintiff's allegations that Mrs. Potts's concealment may have prevented Showcase from
12 discovering the alleged fraud. The Court then concludes that this allegation supports the
13 inference that Plaintiff's delayed discovery was reasonable. Whether Plaintiff (as
14 assignee of Showcase's rights) or Showcase discovered the fraud, the Court's analysis
15 and conclusion is the same.

16       Defendants further challenge the Court's conclusion that Arizona's economic loss
17 rule does not apply in this case. Defendants argue that the parties have a contract and,
18 citing *Flagstaff Affordable Housing Limited Partnership v. Design Alliance, Inc.*, 223
19 P.3d 664 (Ariz. 2010), Arizona's economic loss rule applies. (Mot. at 5–9.) As stated in
20 the Court's Order denying the Motion to Dismiss, whether there is a contract between the
21 parties need not be decided. In consideration of both contract and tort law policies, as
22 instructed by the Arizona Supreme Court in *Flagstaff*, this case is not a situation where
23 Arizona's economic loss rule applies. The Court directly addressed the balance of
24 Defendants' arguments in its Order denying the Motion to Dismiss and will not
25 re-address them here.
26 ///
27 ///
28 ///

1   IT IS ORDERED denying Defendants' Motion for Reconsideration (Doc. 20).

2   Dated this 27th day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge