# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBORAH D. POTTS,** *et al.*,

    **Plaintiffs,**

                                              **Civil Action 2:17-cv-911**
    v.                                        **Judge Algenon L. Marbley**
                                                **Magistrate Judge Elizabeth P. Deavers**

**Coughlin Automotive LLC,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Application for Entry of Default (ECF No. 100), Defendants' Motion for Extension of Time to File Answer (ECF No. 103), and Plaintiff's Response in Opposition to Defendants' Motion (ECF No. 104.). For the reasons explained below, Plaintiff's Application is **DENIED**, and Defendants' Motion is **GRANTED**.

## I.

This matter arises out of a case initially filed in the District of Arizona on January 11, 2016. (ECF No. 1.) Plaintiffs, who are defendants in the original Arizona action, filed this Third-Party Complaint on January 27, 2017. (ECF No. 35.) On May 10, 2017, Defendants filed their Motion to Dismiss for Lack of Jurisdiction. (ECF No. 55.) On August 25, 2017, after receiving responses to subpoenas pertaining to jurisdictional contacts, Plaintiffs conceded the absence of personal jurisdiction over Defendants in Arizona and moved for transfer of their Third-Party Complaint to the this Court. (ECF No. 88.) On October 19, 2017, the Arizona Court

denied Defendants' Motion to Dismiss and granted Plaintiffs' Motion to Transfer and severed their Third-Party Complaint from the underlying matter. (ECF No. 97.) On November 10, 2017, Plaintiffs filed their Application for Entry of Default. (ECF No. 100.) On November 13, 2017, the Court issued its Notice of Hearing announcing a status conference for December 7, 2017, at which Plaintiffs' Application for Entry of Default and all other pending issues would be addressed. (ECF No. 102.) On November 16, 2017, Defendants filed their Motion for Extension of Time to File Answer (ECF No. 103), and the next day Plaintiffs filed their Response in Opposition (ECF No. 104).

**II.**

Plaintiffs argue that the Court should enter default in this matter because Defendants have failed to plead or otherwise defend, as required by the Rules. (ECF No. 100 at 1.) Specifically, more than fourteen days elapsed between the denial of Defendants' Motion to Dismiss in Arizona and Plaintiffs' Application. (*Id*. at 2.)

Defendants do not dispute that they missed the deadline to file their responsive pleading. (ECF No. 103.) Instead, they urge the Court to grant them seven days in which to file a responsive pleading based on their misinterpretation of the effect of the Arizona Court's October 19, 2017, Order. (ECF No. 103 at 1.) Plaintiffs state that they "were awaiting notice from this Court indicating that the case was opened in the Southern District of Ohio." (*Id*.)

By rule, the Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After denial of a Motion to Dismiss, a defendant must serve a responsive pleading within fourteen days. Fed. R. Civ. P. 12(a)(4)(A). Under Federal Rule of Civil Procedure 6(B)(1)(b), however, the Court may grant an extension of time to file where a party's failure to act was due to

excusable neglect. Fed. R. Civ. P. 6(B)(1)(b). The United States Court of Appeals for the Sixth Circuit described the standard this Court must apply, commonly referred to as the "*Pioneer* factors," as follows:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380,395 (1993)). Excusable neglect is an "elastic concept" permitting courts to "accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

Bearing in mind that this matter is still in its procedural infancy, consideration of the *Pioneer* factors reveals that Defendants are entitled to a reasonable extension of time. It is undisputed that the delay was within the reasonable control of Defendants, but the Court finds that they have acted in good faith throughout. The record reflects that they actively defended throughout the Arizona proceedings, and they quickly moved the Court for an extension when it became clear that their deadline to file a responsive pleading had passed in this venue. The danger of prejudice to Plaintiffs resulting from a further one week delay is slight. Defendants moved the Court for an extension within one week of the original deadline. Although Plaintiffs argue that this matter has been pending for almost eleven months, the responsibility for any delay in moving this case forward does not lie with Defendants. They timely filed their Motion to Dismiss for Lack of Jurisdiction in May, and, as the Defendants in this matter, they did not control the forum in which Plaintiffs brought the original Third-Party Complaint. Furthermore, a

delay for two or three weeks will have minimal effect on the case schedule. The Court's initial status conference is still almost three weeks distant, no preliminary pretrial conference has been held or even scheduled, and the only discovery to take place has been limited to jurisdictional matters. The Court finds, therefore, that Defendants' failure to file a responsive pleading within the Rules resulted from "excusable neglect." *Nafziger*, 467 F.3d at 522. Accordingly, Defendants are entitled to a reasonable extension of time in which to file their Answer.

### III.

For the reasons explained above, Plaintiffs' Application for Entry of Default is **DENIED**. (ECF No. 100.) Defendants' Motion for Extension of Time to File Answer is **GRANTED**. (ECF No. 103.) Defendants shall have until **NOVEMBER 30, 2017**, in which to file their Answer.

**IT IS SO ORDERED.**


Date: November 21, 2017 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE